UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DAWN RUGGERIO,

                            Plaintiff,

     -against-

THE COUNTY OF SUFFOLK AND SUFFOLK COUNTY
POLICE DEPARTMENT,

                            Defendants.
------------------------------------------------------------------------X

Docket No.:
14-CV-7434 (JFB)(GRB)

**AFFIRMATION IN SUPPORT OF MOTION PURSUANT TO RULE 12(B)(6)**

       Megan O'Donnell, an attorney duly admitted to practice before this Court and the Courts of the State of New York, affirms as follows under penalty of perjury:

       1.     I am an Assistant County Attorney in the office of Dennis M. Brown, Suffolk County Attorney, attorney for the County of Suffolk and the Suffolk County Police Department, defendants in this civil rights action instituted by plaintiff, Dawn Ruggerio, pursuant to 29 U.S.C. § 2615, 42 U.S.C. § 12112, as well as state law.

       2.     I submit this affirmation in support of the motion by said defendants pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss for failure to state a claim upon which relief may be granted regarding plaintiff's federal claim of Interference with FMLA rights, plaintiff's federal claim of discrimination under the American with Disabilities Act, as well as the state law claims of discrimination in violation of NYS Executive Law § 292.

       3.     As can be seen from the complaint, attached, which was filed with the Court on December 22, 2014, plaintiff claims her employer, the County Defendants, did interfere with her entitlement to intermittent FMLA leave, did discriminate against her in denying her request for medical leave with ½ pay, and that the County failed to accommodate her so that she could

perform the essential function of her employment. Plaintiff also claims her rights were violated by the County's policy or lack thereof regarding accommodation. Plaintiff also requests permission to amend her complaint to include other unidentified prospective plaintiffs, or alternatively, to consolidate their prospective cases.

4. For the reasons more fully explained in the accompanying memorandum of law, plaintiff has failed to plead a sufficient Interference with FMLA rights claim, has failed to file a notice of claim on the state claims, and has nevertheless failed to sufficiently plead a claim that is actionable under the New York State Human Rights Law or the American with Disabilities Act. Moreover, plaintiff has failed to assert the factual or legal reasons for amending the complaint to become a class action suit, or to consolidate with other plaintiffs, as is required by Fed. R. Civ. Proc. 20 and 23.

5. Accordingly, to the extent the five causes of action are insufficiently plead, and that plaintiff failed to comply with the notice requirements found in the NYS County Law Section 52(1) and the NYS General Municipal Law Section 50(e), and that plaintiff failed to comply with the statutorily required elements contained within Fed. Rule Civ. Proc. 20 and 23, dismissal is warranted.

WHEREFORE, Suffolk County defendants respectfully request that the instant motion pursuant to Fed. R. Civ. P. 12(b)(6) be granted, and that plaintiff's request for class action status and/or consolidation be denied.

DATED:   Hauppauge, New York
         March 16, 2015

*Megan O'Donnell*
Megan O'Donnell
Assistant County Attorney