UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DAWN RUGGERIO,

                                    Plaintiff,                    Docket No.:
                                                                 14-CV-7434 (JFB)(GRB)

            -against-


THE COUNTY OF SUFFOLK AND SUFFOLK COUNTY
POLICE DEPARTMENT,

                                    Defendants.
-----------------------------------------------------------------------X

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6)**

---

                              DENNIS M. BROWN
                              Suffolk County Attorney
                              Attorney for Defendants
                              H. Lee Dennison Building
                              100 Veterans Memorial Highway
                              P.O. Box 6100
                              Hauppauge, New York 11788-0099

                    By:   Megan O'Donnell
                          Assistant County Attorney


Dated: Hauppauge, New York
            March 16, 2015

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

STANDARD FOR A MOTION TO DISMISS UNDER 12(B)(6) . . . . . . . . . . . . . . .   3

POINT I
     THE FIRST CAUSE OF ACTION MUST BE DISMISSED
     AS THE PLAINTIFF HAS NOT ASSERTED THAT
     SHE WAS ENTITLED TO INTERMITTENT FMLA . . . . . . . . . . . . . . . . . . .   4

POINT II
     THE SECOND CAUSE OF ACTION IS INSUFFICIENT
     AND MUST BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

POINT III
     THE PLAINTIFF'S *MONELL* CLAIM FAILS TO ASSERT A
     CUSTOM OR POLICY THAT CAUSED A VIOLATION
     OF HER CIVIL RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

POINT IV
     THE STATE CLAIMS MUST BE DISMISSED FOR FAILURE
     TO FILE A NOTICE OF CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

POINT V
     THERE IS NO LEGAL OR FACTUAL REASON TO
     AMEND THE COMPLAINT TO INCLUDE OTHER
     PLAINTIFFS OR CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

## <u>TABLE OF AUTHORITIES</u>

### <u>Federal Cases</u>

Ashcroft v. Iqbal,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................................ 3, 4, 12

Baron v. Advanced Asset & Prop. Mgmt. Solutions, LLC,
   11-CV-2155 DRH AKT, 2014 WL 1679049 (E.D.N.Y. Apr. 29, 2014).................................. 9

Brady v. Wal-Mart Stores, Inc.,
   455 F. Supp. 2d 157 (E.D.N.Y. 2006).................................................................................. 9

Buckley v. Consol. Edison Co. of New York,
   155 F.3d 150 (2d Cir. 1998)................................................................................................ 10

Capobianco v. City of New York,
   422 F.3d 47 (2d Cir. 2005)................................................................................................... 8

Consol. Rail Corp. v. Town of Hyde Park,
   47 F.3d 473 (2d Cir. 1995)................................................................................................... 14

D'Amico v. City of New York,
   132 F.3d 145 (2d Cir. 1998)................................................................................................. 10

Di Giovanna v. Beth Israel Med. Ctr.,
   651 F. Supp. 2d 193 (S.D.N.Y. 2009).................................................................................. 7

Diaz v. City of Philadelphia,
   565 F. App'x 102 (3d Cir. 2014) .......................................................................................... 11

Drees v. Cnty. of Suffolk,
   06-CV-3298 JFB ETB, 2007 WL 1875623 (E.D.N.Y. June 27, 2007) .................................. 13

Gilbert v. Frank,
   949 F.2d 637 (2d Cir. 1991)................................................................................................. 10

Golden v. New York City Dep't of Envtl. Prot.,
   06 CIV. 1587 (DLC), 2007 WL 4258241 (S.D.N.Y. Dec. 3, 2007) ......................................... 5

Graves v. Finch Pruyn & Co.,
   457 F.3d 181 (2d Cir. 2006)................................................................................................. 10

ii

Harris v. Mills,
    572 F.3d 66 (2d Cir. 2009) ................................................................. 3, 4

Henneberger v. Cnty. of Nassau,
    465 F. Supp. 2d 176 (E.D.N.Y. 2006) ................................................. 13

Lauro v. City of New York,
    39 F. Supp. 2d 351(S.D.N.Y. 1999) .................................................... 13

Lewis v. New York City Police Dep't,
    908 F. Supp. 2d 313(E.D.N.Y. 2012) ................................................. 10

McElwee v. Cnty. of Orange,
    700 F.3d 635 (2d Cir. 2012) ............................................................... 10

Peters v. D.C.,
    873 F. Supp. 2d 158 (D.D.C. 2012) .................................................... 15

Piesco v. City of New York, Dep't of Pers.,
    650 F. Supp. 896 (S.D.N.Y. 1987) ...................................................... 13

Reeves v. Johnson Controls World Servs., Inc.,
    140 F.3d 144 (2d Cir. 1998) ................................................................. 8

Reilly v. Revlon, Inc.,
    620 F. Supp. 2d 524 (S.D.N.Y. 2009) ................................................ 4, 5

Rinaldi v. Quality King Distributors, Inc.,
    12-CV-141 PKC, 2014 WL 2917035 (E.D.N.Y. June 26, 2014) ............. 7, 8

Roberts v. New York City Dept. of Corrections,,
    1998 U.S. Dist. LEXIS 8244 (E.D.N.Y. 1998) ...................................... 13

Rodal v. Anesthesia Grp. of Onondaga, P.C.,
    369 F.3d 113 (2d Cir. 2004) ............................................................... 10

Tolliver v. Xerox Corp.,
    918 F.2d 1052 (2d Cir. 1990) ............................................................. 15

## State Cases

Hibbert v. Suffolk Cnty. Dep't of Prob.,
    267 A.D.2d 205, 699 N.Y.S.2d 466 (2d Dept. 1999)........................................................ 12, 13

Mills v. Monroe Cnty.,
    59 N.Y.2d 307, 451 N.E.2d 456 (2d Dept. 1983) ............................................................. 13, 14

Nicholas v. City of New York,
    130 A.D.2d 470, 515 N.Y.S.2d 53 (2d Dept. 1987).................................................................. 12

Petrushansky v. New York City Health & Hospitals Corp.,
    102 A.D.2d 819, 476 N.Y.S.2d 378 (2d Dept. 1984)............................................................... 12

Pretino v. Wolbern,
    84 A.D.2d 830, 444 N.Y.S.2d 190 (2d Dept. 1981)................................................................. 13

## Federal Statutes & Regulations

29 U.S.C.A. § 2612(a)(1) (West)................................................................................................... 4

29 U.S.C.A. § 2612(a)(1)(C) ........................................................................................................ 5

29 U.S.C.A. § 2612(e)(2).............................................................................................................. 6

29 U.S.C.A. § 2612(e)(2)(A-B) .................................................................................................... 6

42 U.S.C. §1983............................................................................................................................. 1

42 U.S.C.A. § 12112 .................................................................................................................... 11

42 U.S.C.A. § 12112(a) (West).................................................................................................. 8, 9

42 U.S.C.A. § 12112(b)(5)(A) .................................................................................................... 10

29 C.F.R. § 825.100(a)................................................................................................................... 4

29 C.F.R. § 825.203(a)................................................................................................................... 4

29 C.F.R. § 825.220(b) .................................................................................................................. 4

29 C.F.R. § 825.302 ....................................................................................................................... 7

29 C.F.R. § 825.302(f).................................................................................................................... 7

Fed. R. Civ. P. 12(b) ................................................................................................ 3

Fed. R. Civ. P. 12(b)(6) ................................................................................ 1, 3, 4, 15

Fed. R. Civ. P. 20 .................................................................................................. 14

Fed. R. Civ. P. 23 .................................................................................................... 3

Fed. R. Civ. P. 23(a) ............................................................................................. 14

Fed. R. Civ. P. 8 ...................................................................................................... 1

## State Statutes

N.Y. County Law § 52 ...................................................................................... 12, 14

N.Y. County Law § 52(1) (McKinney) .............................................................. 12, 14

N.Y. Gen. Mun. Law § 50(e) (McKinney) ............................................................. 12

N.Y. Gen. Mun. Law § 50(e)(1)(a) ....................................................................... 12

N.Y. Gen. Mun. Law § 50-e (McKinney) ..................................................... 12, 13, 14

N.Y. Gen. Mun. Law §§ 50-e, 50-I .................................................................... 13

## PRELIMINARY STATEMENT

The County of Suffolk and the Suffolk County Police Department (County Defendants), Defendants in this federal and state civil rights action, submit this memorandum of law in support of their motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted and for failing to meet the pleading requirements of Fed. R. Civ. P. 8.

On December 22, 2014 the above referenced complaint was filed by Plaintiff.  [DE 1]. According to the complaint,[1] which is attached hereto as *Exhibit A*, Plaintiff Dawn Ruggiero was a public Safety Dispatcher I employed by the Suffolk County Police Department ("SCPD"). *Compl*., ¶ 30. Plaintiff began her employment in 2001 and is still so employed.  *Id*. On May 14, 2013 Plaintiff submitted to her employer an application for leave under the Family and Medical Leave Act (FMLA) to care for her son, Brian.  *Compl*., ¶ 45.  Plaintiff claims Brian suffered from a serious health condition, that she had worked the minimum amount of hours for leave under the FMLA, and that her FMLA application included a verifying medical certification. *Compl*., ¶¶ 39, 40, 46, 49.  Plaintiff claims the certification stated that she needed to work intermittently or on less than a full schedule, the date that Brian's medical condition began, and the estimated duration of Brian's condition.  *Compl*., ¶¶ 50, 51.  The medical certification described the need for Plaintiff's leave as "ongoing-indefinitely."  *Compl*., ¶ 53.  Though Plaintiff refers to the application, the application is not attached as an exhibit to the complaint

On May 23, 2013 the acting director of labor relations for Suffolk County denied Plaintiff's FMLA request, a copy of the letter attached to the complaint as Exhibit 1.  *Compl*., ¶ 54. In the letter, Ms. McNamara states the denial was based upon the fact that "intermittent

---

[1] Defendants take the following facts from the complaint, "Statement of Facts," ¶¶ 29-84.  Defendants dispute these facts, but for purposes of addressing the motion to dismiss, Defendants assume the facts to be true.

Family Medical Leave must be scheduled leave with the approval of the Department and not disrupt departmental operation*."* See, *Compl.*, *Exhibit 1*.  Though the letter from Ms. McNamara documents that the denial was based upon the application submitted by Plaintiff, the Plaintiff's application is not attached to the Complaint.  Plaintiff claims that after the application was submitted on May 14, 2013 "the SCPD did not give Dawn the opportunity to consult with the SCPD to work out dates or times for a mutually suitable schedule for her FMLA leave that would not disrupt Departmental operations." *Compl.* ¶ 58.

Thereafter, on or about May 28, 2013 Plaintiff requested medical leave from the SCPD because she was suffering from anxiety and posttraumatic stress disorder. *Compl.*, ¶ 61. The SCPD granted Plaintiff's leave of absence.  73.  Due to the County's policy contained within the collective bargaining agreement, the SCPD approved sick leave "from May 28, 2013, with pay, then unpaid sick leave from June 7, 2013 to August 11, 2013." *Compl.*, ¶ ¶ 70, 73.  The SCPD explained that pursuant to the CBA, "since Dawn had an extended sick leave with ½ pay back in 2006 for 'adjustment disorder with mixed and depressed mood,' Dawn could not be compensated, some seven years later, in 2013, for an extended sick leave for 'anxiety and post-traumatic stress syndrome,' as it was, according to tan SCPD payroll supervisor, purportedly the same illness that Dawn had in 2006." *Compl.*, ¶ 74.  Pursuant to the CBA, "the SCPD has determined that compensation at ½ pay for 'extended sick leave may be used once per illness …. applied equally to all employees … regardless of disability,' and not for a 'recurrence of the same illness'." *Compl.*, ¶ 75.

Defendants now move for dismissal of the complaint, based upon a number of reasons. Plaintiff's allegation that the SCPD interfered with her FMLA rights is insufficient, as Plaintiff does not put forward facts that, if proven true, establish she was entitled to intermittent FMLA

leave as of right.  Second, Plaintiff's claim that she suffered discrimination under the ADA in the SCPD's denial of ½ pay does not sufficiently make out an actionable claim of disability discrimination.  Plaintiff does not allege any adverse employment action because of a disability, but rather only complains of not receiving ½ pay for her medical leave because of the SCPD's interpretation of the contract.  Nor does Plaintiff allege that other similarly situated employees were granted the contractual benefit.  Moreover, Plaintiff's claim that the SCPD failed to accommodate her reasonable request for accommodation is not born out in the complaint's factual assertions.  Nowhere in the complaint does Plaintiff articulate that she requested an accommodation to enable her to perform her job.  Rather, Plaintiff complains of the denial of ½ pay – a contractual benefit, not an accommodation.  Further, Plaintiff makes state claims against the SCPD but failed to comply with the notice requirements found in the New York State County Law and General Municipal Law.  Finally, in paragraphs 20 and 21 of the complaint, Plaintiff requests permission to amend the complaint to include other plaintiffs; or, in the alternative to permit other co-workers to join her complaint without further review by the EEOC.  Plaintiff's request lacks any legal authority to permit such an undertaking by this court, and fails to establish the necessary elements required by Fed. R. Civ. P. 23.  Therefore any and all requests that can be inferred from paragraphs 20 and 21 must be denied.

For all of the reasons, to be explained in further detail below, the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)6.

### STANDARD FOR A MOTION TO DISMISS UNDER 12(B)(6)

In deciding Fed. R. Civ. P. 12(b)(6) motions to dismiss, the Court must apply a "plausibility standard," which is guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord *Harris v. Mills*, 572 F.3d 66,

71-72 (2d Cir. 2009).  First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678; accord *Harris*, 572 F.3d at 72.   Second, only complaints that state a "plausible claim for relief" can survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Ashcroft*, 556 U.S. at 679.  Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. 662; accord *Harris*, 572 F.3d 66

## POINT I

### THE FIRST CAUSE OF ACTION MUST BE DISMISSED AS THE PLAINTIFF HAS NOT ASSERTED THAT SHE WAS ENTITLED TO INTERMITTENT FMLA

The FMLA allows an employee to take unpaid leave to care for a child, if such child has a serious medical condition, for up to twelve weeks in any twelve-month period. *See* 29 U.S.C.A. § 2612(a)(1) (West); 29 C.F.R. § 825.100(a).  Such leave may be taken in one block of time, or as intermittent leave, for example, two days per week.  Time may also be taken under the FMLA on a reduced schedule, for example, part-time employment. *See* 29 C.F.R. § 825.203(a).  These two types of leave are different, in that intermittent leave can be taken in blocks as small as one hour and as long as several weeks.  A reduced schedule usually consists of a change from full-time to part-time employment. *Id.*

Interference with an employee's right to FMLA leave is unlawful.   Regulations promulgated under the FMLA provide that '[i]nterfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave'." *Reilly v. Revlon, Inc.*, 620 F. Supp. 2d 524, 535 (S.D.N.Y. 2009)(quoting 29 C.F.R. § 825.220(b) (internal quotes omitted)).  A plaintiff proceeding on a

4

"discouragement theory" must offer evidence that she tried to assert her FMLA rights but was discouraged from doing so in such a way that would have "dissuaded a similarly situated employee of ordinary resolve from attempting to exercise his or her FMLA rights." *Reilly*, 620 F. Supp. 2d at 535(citing *Golden v. New York City Dep't of Envtl. Prot.*, 06 CIV. 1587 (DLC), 2007 WL 4258241 (S.D.N.Y. Dec. 3, 2007) *aff'd*, 354 F. App'x 577 (2d Cir. 2009)).

Plaintiff's claim that the SCPD interfered with her FMLA rights is devoid of sufficient facts that, if proven true, establish she was entitled to intermittent FMLA leave. Preliminarily, Plaintiff does not attach a copy of her FMLA application which she submitted to the SCPD. This makes her claim of entitlement insufficient, because the denial of her FMLA was based upon the application. *Comp.*, *Exhibit 1*. To claim interference with a right, without first establishing the entitlement to the right, makes the claim insufficient.

Second, Plaintiff merely claims in conclusory fashion that she was entitled to intermittent leave, but does not assert facts to support that conclusion. In general, an employee is entitled to FMLA leave during any 12-month period "in order to care for the spouse, or a son, or a daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C.A. § 2612(a)(1)(C). Such leave may be taken intermittently or on a reduced schedule when "medically necessary." 2612(b)(1). Nowhere in the complaint does Plaintiff allege intermittent leave was "medically necessary" to care for her son.

Moreover, Section 2613(b)(4)A) requires that a request for leave to care for her son's serious health condition, for which Plaintiff purportedly applied, be accompanied by a certification that the employee is needed to care for her son, and an estimate of the time that she is needed to care for her son. That paperwork purportedly submitted by Plaintiff does not establish the statutorily required certification. See, *Compl.*, ¶¶ 49-53. Finally, Section 2613(b)

states that a certification for intermittent leave for planned medical treatment must include the dates on which the serious health condition commenced, the probable duration of the condition, the appropriate medical facts regarding the condition, and that the eligible employee is needed to care for the child, and an estimate of the amount of time that such employee is needed to care for the child. Plaintiff's factual assertions do not bear out that the statutorily required certification was submitted.   According to the complaint, Plaintiff's certification merely stated Plaintiff "needed to work intermittently or on a less than full schedule for her son's continuing treatment" and described the need for leave as "on-going-indefinitely." *Compl.*, ¶¶ 50, 53.

29 U.S.C.A. § 2612(e)(2) establishes the duty of the employee, when requesting intermittent FMLA under circumstances where, as here, the employee requests intermittent leave to care for a child who has a serious health condition.   One such duty speaks of making a reasonable effort to schedule treatment so as not to unduly disrupt the operations of the employer, subject to the approval of the health care provider.   Another such duty is that the employee shall provide the employer with notice of leave not less than 30 days before the date the leave is to begin, or as is practicable.  See 29 U.S.C.A. § 2612(e)(2)(A-B).  Those duties are invoked when the intermittent leave is foreseeable, based on planned medical treatment.   29 U.S.C.A. § 2612(e)(2).   Though Plaintiff accuses the SCPD of not giving her the "opportunity" to consult with the SCPD to work out dates or times for a mutually suitable schedule for her FMLA leave that would not unduly disrupt Departmental operations, Plaintiff misses the mark – it is Plaintiff's burden to do so.  The statute itself is entitled : Duties of Employees."  2612(e)(2). Further, as Plaintiff worked a rotating schedule (alternating day and night shifts from one week to the next), see *Compl.*, ¶ 35, this burden was not unduly burdensome (i.e., Plaintiff could have easily attempted to schedule any visits or treatments on days and times that would not have

disrupted SCPD operations).

Moreover, 29 C.F.R. § 825.302(f) requires an employee to provide a schedule for treatment upon request of the employer.  Specifically the section reads:

> Intermittent leave or leave on a reduced leave schedule must be medically necessary due to a serious health condition or a serious injury or illness. An employee shall advise the employer, upon request, of the reasons why the intermittent/reduced leave schedule is necessary and of the schedule for treatment, if applicable. The employee and employer shall attempt to work out a schedule for such leave that meets the employee's needs without unduly disrupting the employer's operations, subject to the approval of the health care provider.

(29 C.F.R. § 825.302)   Since these statutorily required duties were triggered (implicit in McNamara's denial letter stating leave "must be scheduled leave with the approval of the Department), Plaintiff's application requesting leave "ongoing-indefinitely" (see, *Compl.* ¶ 53), negates any claim to entitlement.  Though the FMLA does not require an employer to withhold approval if an *exact* schedule of leave is not submitted, Plaintiff's complaint does not show she even attempted to schedule her leave, or that she attempted to seek approval from her employer, or that she attempted to avoid disruption of SCPD operations.

Finally, Plaintiff claims only that Ms. McNamara advised her "Your request states that you are in need of intermittent leave for unknown times and dates to care for your son. I regret to inform you that your request for Family Medical Leave has been denied based upon the fact that intermittent Family Medical Leave must be scheduled leave with the approval of the Department and not disrupt departmental operations."   *Compl., Exhibit 1*.  This statement cannot be read to "have dissuaded a 'similarly situated employee of ordinary resolve from attempting to exercise FMLA rights'." *Rinaldi v. Quality King Distributors, Inc.*, 12-CV-141 PKC, 2014 WL 2917035, , *10 (E.D.N.Y. June 26, 2014)  (citing *Di Giovanna v. Beth Israel Med. Ctr.*, 651 F. Supp. 2d

193, 201 (S.D.N.Y. 2009)).  No reasonable jury could find that a reasonable person would have been discouraged from submitting a schedule and thereafter taking FMLA leave to which she was entitled.  *See, Rinaldi, Rinaldi*, 2014 WL 2917035 at , *10.

As such, Plaintiff has not established that she was entitled to intermittent FMLA leave. Therefore any denial of the request cannot constitute interference with Plaintiff's FMLA rights.

## POINT II

## THE SECOND CAUSE OF ACTION IS INSUFFICIENT AND MUST BE DISMISSED

The second cause of action claims that Plaintiff suffered discrimination on the basis of a disability as those terms are defined by the American with Disabilities Act, 42 U.S.C.A. § 12112(a) (West).  The ADA prohibits discrimination against a "qualified individual with a disability because of the disability" in the "terms, conditions, and privileges of employment." 42 U.S.C.A. § 12112(a). In order to sustain a discrimination claim under the ADA, a plaintiff must prove that: (1) the defendant is covered by the ADA; (2) he suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) he was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) he suffered an adverse employment action because of his disability or perceived disability. *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005); *Reeves v. Johnson Controls World Servs., Inc.*, 140 F.3d 144, 149-50 (2d Cir. 1998).

In the case at bar, Plaintiff claims she suffered discrimination in that she suffered an adverse employment action because of her disability.  Specifically, Plaintiff claims the SCPD denied her request for ½ pay because of her disability.  Notwithstanding the obvious (that Plaintiff fails to allege that she was treated differently from other similarly situated employees, and that the differing treatment was because of her disability), Plaintiff's claim also fails because

she does not establish she suffered an adverse employment action.  An employee sustains an adverse employment action within the meaning of the Americans with Disabilities Act (ADA) if he or she endures a materially adverse change in the terms and conditions of employment.  *See e.g.*, *Brady v. Wal-Mart Stores, Inc.*, 455 F. Supp. 2d 157 (E.D.N.Y. 2006) *aff'd*, 531 F.3d 127 (2d Cir. 2008).  Plaintiff's claims do not bear out that she endured a materially adverse change in the terms and conditions of her employment.  Moreover, Plaintiff readily admits that her request for medical leave was granted, see, *Compl.* ¶ 73.  Plaintiff complains only of the SCPD's denial of a contractual benefit, and readily admits the denial was because of the SCPD's interpretation of the CBA.  See, Compl., 75.  The denial was not, therefore, because of Plaintiff's disability.  The SCPD's interpretation of the CBA (right or wrong) still granted the sick leave requested, and merely required Plaintiff to use her accrued sick leave.  There is absolutely no interpretation of the facts alleged that supports an inference of discrimination, or that Plaintiff was treated differently – or adversely -- from other similarly situated employees.

Plaintiff's argument misses the mark on actionable discrimination.  For a discrimination claim to be actionable under the ADA, a plaintiff must demonstrate that her disability was at least a motivating factor for the adverse employment action. ADA, § 102(a), 42 U.S.C.A. § 12112(a). *Baron v. Advanced Asset & Prop. Mgmt. Solutions, LLC*, 11-CV-2155 DRH AKT, 2014 WL 1679049 (E.D.N.Y. Apr. 29, 2014).  Even if this Court were to establish that the SCPD's denial of a contractually conferred benefit (1/2 pay per illness) is an adverse employment action (which it is not), Plaintiff does not claim that the denial was *because of* Plaintiff's disability (or at the very least, a motivating factor).  Rather, Plaintiff readily admits the denial of ½ pay was because of the SCPD's interpretation of the CBA provision on sick leave.

For the foregoing reasons, the second cause of action must be dismissed.

# POINT III

## THE PLAINTIFF'S *MONELL* CLAIM FAILS TO ASSERT A CUSTOM OR POLICY THAT CAUSED A VIOLATION OF HER CIVIL RIGHTS

The Plaintiff's fourth cause of action claims discrimination under the ADA in that the County failed to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual  42 U.S.C.A. § 12112(b)(5)(A).  A prima facie case for a failure to accommodate claim "requires a showing that (1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 183 (2d Cir. 2006)–84 (2d Cir.2006) (*quoting Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004)).

With respect to the third element, "it is generally the responsibility of the individual with a disability to inform the employer that an accommodation is needed." *McElwee v. Cnty. of Orange*, 700 F.3d 635, 641 (2d Cir. 2012)–42 (2d Cir.2012).  "[T]he first step in determining [a] reasonable accommodation is 'identifying the barriers to job performance caused by the disability'." *Buckley v. Consol. Edison Co. of New York*, 155 F.3d 150, 157 (2d Cir. 1998)(en banc).  Plaintiff bears the initial burden of suggesting a reasonable accommodation. *See D'Amico v. City of New York*, 132 F.3d 145, 151 (2d Cir. 1998). "However, a reasonable accommodation cannot 'mean elimination of any of the job's essential functions'." *Lewis v. New York City Police Dep't*, 908 F. Supp. 2d 313, 326-27 (E.D.N.Y. 2012) *aff'd sub nom. Lewis v. NYC Police Dep*'t, 537 F. App'x 11 (2d Cir. 2013)(citing *Gilbert v. Frank*, 949 F.2d 637, 642 (2d Cir. 1991)).

Plaintiff's complaint is completely devoid of factual allegations that she was qualified to do the job with a reasonable accommodation, and that she requested an accommodation which

would have allowed her to perform her job.  Instead, Plaintiff couches her claim in a *Monell* styled claim, arguing the County "failed to enact and/or implement policies regarding engaging in an interactive process with Public Safety Dispatchers and 911 Operators, including Plaintiff." *Compl.*, ¶ 112.  Despite the statement being conclusory and lacking support from any factual allegations, the statement fails to establish any causal connection between the County's purported policy (or lack thereof) and an adverse employment action suffered by Plaintiff.  Plaintiff requested medical leave, which was granted by the SCPD.  *Compl.*, ¶ 73.  The fact that the granted leave was (partially) unpaid was not a result of an unlawful policy, but rather the result of the Plaintiff lacking sufficient accruals pursuant to the CBA.  Moreover, no barrier to job performance is identified by Plaintiff in the complaint, nor is there an allegation that an accommodation was sought to remedy the barrier.  Leave was sought, and granted, and thus Plaintiff does not sufficiently claim any wrong-doing by the policymakers in Suffolk County.  See, e.g. *Diaz v. City of Philadelphia*, 565 F. App'x 102 (3d Cir. 2014)(City's grant of police officer's requests for unpaid medical leaves of absence to allow her to continue treatment for her post-traumatic stress disorder (PTSD) was reasonable accommodation for her disability, not adverse employment action required to support her ADA claim against city); see also, ADA of 1990, § 102, 42 U.S.C.A. § 12112.  The complaint filed by the Plaintiff against the County of Suffolk is void of any such facts (sufficient or otherwise) to establish that a custom and/or policy of the County caused a violation of the Plaintiffs' constitutional rights.  Though Plaintiff generally concludes the acts and conduct of the County violated her rights, such speculative assertions are insufficient to support such a claim against the County.  See *Ashcroft*, 556 U.S. 662.

## POINT IV

### THE STATE CLAIMS MUST BE DISMISSED FOR FAILURE TO FILE A NOTICE OF CLAIM

The Plaintiff has alleged a violation of the New York State Human Rights Law (Executive Law Ch. 18, Article 15) in the third and fifth causes of action. These State claims must be dismissed on the ground that Plaintiff has failed to serve a notice of claim within the ninety-day period required by NYS N.Y. County Law § 52(1) (McKinney) and NYS N.Y. Gen. Mun. Law § 50(e) (McKinney). N.Y. County Law § 52 requires a notice of claim to be served upon a county in any "claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the County, its officers, agents, servants or employees…" in compliance with N.Y. Gen. Mun. Law § 50-e (McKinney). N.Y. Gen. Mun. Law § 50(e)(1)(a) provides:

> In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within 90 days after the claim arises…

Under N.Y. Gen. Mun. Law § 50(e), service of a notice of claim within ninety (90) days from the accrual of a cause of action founded on tort is a condition precedent to a lawsuit against the County or its employees. *Hibbert v. Suffolk Cnty. Dep't of Prob.*, 267 A.D.2d 205, 699 N.Y.S.2d 466 (1999); *Petrushansky v. New York City Health & Hospitals Corp.*, 102 A.D.2d 819, 476 N.Y.S.2d 378 (1984); *Nicholas v. City of New York*, 130 A.D.2d 470, 515 N.Y.S.2d 53 (1987). Proper service of the notice of claim must be alleged in the complaint as a condition precedent to any cause of action against the defendants. *Pretino v. Wolbern*, 84 A.D.2d 830, 444

12

N.Y.S.2d 190 (1981).  The requirements of N.Y. Gen. Mun. Law §§ 50-e, 50-I are applicable to state claims heard in Federal Court.  *Piesco v. City of New York, Dep't of Pers.*, 650 F. Supp. 896 (S.D.N.Y. 1987).   "The plaintiff bears the burden of demonstrating compliance with the notice requirements."  *Drees v. Cnty. of Suffolk*, 06-CV-3298 JFB ETB, 2007 WL 1875623, , *10 (E.D.N.Y. June 27, 2007)(citing *Henneberger v. Cnty. of Nassau*, 465 F. Supp. 2d 176, 198 (E.D.N.Y. 2006)).

Plaintiff has not sought permission from state court for leave to serve a late notice of claim.  Thus the Plaintiff has failed to comply with the provisions of the N.Y. Gen. Mun. Law § 50-e, as she did not seek permission to file late notice from a court of competent jurisdiction.  "A Federal Court lacks the jurisdiction to waive the notice requirements of N.Y. Gen. Mun. Law §§ 50-e, 50-I or to grant leave to file a late notice of claim for pendent state tort claims."  *Roberts v. New York City Dept. of Corrections*, 1998 U.S. Dist. LEXIS 8244 (E.D.N.Y. 1998); *Lauro v. City of New York*, 39 F. Supp. 2d 351, 369 (S.D.N.Y. 1999) *rev'd and remanded sub nom. Lauro v. Charl*es, 219 F.3d 202 (2d Cir. 2000).

The notice of claim requirement has been held to apply in the employment discrimination context, such as encompassed under New York Civil Rights Law.  In *Mills v. Monroe Cnty.*, 59 N.Y.2d 307, 451 N.E.2d 456 (1983), the New York State Court of Appeals reviewed these notice of claim provisions in the context of an employment discrimination claim.  In particular, the Court held that "when an employment discrimination action is brought against a County under the State or Federal Civil rights statutes, the failure to timely file a notice of claim shall be fatal unless the action has been brought to vindicate a public interest or leave to serve late notice has been granted by the Court."  *Mills*, 59 N.Y.2d 307.  Clearly defendant Suffolk County is a beneficiary of the notice of claim requirement under N.Y. County Law § 52(1).   Further, a

13

notice of claim is required to be served because "N.Y. County Law § 52 is a much broader statute than N.Y. Gen. Mun. Law § 50-e and is the statute that applies to the claims brought against the County. *Id.*. Finally, "a private civil rights lawsuit is not deemed to be brought in the public interest." See*, Drees, id*. (finding employment discrimination claims that seek enforcement of plaintiff's private interests is not a "public interest" lawsuit).

Since the Plaintiff had not filed any Notice of Claim as to the County or as to the SCPD, these two causes of action must be dismissed.

### POINT V

### THERE IS NO LEGAL OR FACTUAL REASON TO AMEND THE COMPLAINT TO INCLUDE OTHER PLAINTIFFS OR CLAIMS

Fed. R. Civ. P. 23(a) specifies that:  one or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so *483 numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 482-83 (2d Cir. 1995).  Plaintiff does not establish, let alone attempt to establish, any of the statutorily required elements for a class action suit.   Moreover, Plaintiff alternatively requests permission to consolidate all the individual cases for trial, apparently under Fed. R. Civ. P. 20.  However, counsel fails to identify the parties and assert their right to relief arising out of the same transaction or occurrence.  Nor does counsel assert the commonality of law and facts.  Without this information, enough to enable the Court to pass on the merits of the application, the application must be denied.

Further, Plaintiff invokes the "single filing rule" as the basis for her request to permit other, unidentified persons whose claims are pending in the EEOC to join suit here.  Plaintiff's

request must be denied, as she has no standing .  The single filing rule exempts individuals from the filing requirement where another's original EEOC filing performs the functions of providing the defendant with notice and an opportunity to resolve the matter.  In such a scenario, a second filing is not necessary if a similarly situated plaintiff wishes to join the same suit. *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1058 (2d Cir. 1990). The single filing exception is available to a party who raises a claim so similar to those asserted by the original plaintiff that no purpose would be served by requiring them to file independent charges. *See Peters v. D.C.*, 873 F. Supp. 2d 158, 159 (D.D.C. 2012).  The single filing exception is not available to the original plaintiff or filer.

Based upon the above facts and law, the Defendants respectfully request that any and all applications made by Plaintiff in paragraphs 20 and 21 of her complaint be denied in their entirety.

## CONCLUSION

Based on the forgoing, County Defendants respectfully request that this Court grant their motion pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing the complaint for failure to state a claim upon which relief can be granted.

Dated:  Hauppauge, New York
       March 16, 2015

                                        *Megan O'Donnell*
                                        Megan O'Donnell
                                        Assistant County Attorney