UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAWN RUGGERIO,

                      Plaintiff,                                Docket No.: 14-CV-7434

       -against-                                  **ANSWER**

THE COUNTY OF SUFFOLK and SUFFOLK          *(Filed Electronically)*
COUNTY POLICE DEPARTMENT,

                      Defendants.
----------------------------------------------------------------X

       Defendants, THE COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, by their attorney, Dennis M. Brown, Suffolk County Attorney, by Megan O'Donnell, Assistant County Attorney, answering plaintiff's Complaint, respectfully:

       1.     The allegations contained in the paragraphs numbered "1" and "2" of the complaint characterize a statute, law, rule, regulation or ordinance and as such the answering defendants are not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and to deny any conduct giving rise to any cause of action hereunder.

       2.     The allegations contained in paragraphs numbered "3," "4," "22," "23" and "24" of the complaint set forth conclusions of law and to the extent that a response is required, those allegations are denied.

       3.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "5" of the complaint, except admits that the Suffolk County Police Department denied its employee, Dawn Ruggiero, a Public Safety Dispatcher I, the intermittent leave she requested under the FMLA to care for her son.

4. Deny the allegations contained in the paragraph numbered "6" of the complaint, except admit that the SCPD granted her request for extended sick leave. The allegations contained in paragraph numbered "6" that "PTSD is a recognized disability under the ADA, 29 CFR §1630.2j3iii" characterizes a statute, law, rule, regulation or ordinance and as such the answering defendants are not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and to deny any conduct giving rise to any cause of action hereunder.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "7," "25," "30," "34," "39," "40," "41," "42," "43," "44," "47," "49," "50," "51," "52," "53," "63," "64" and "78" of the complaint.

6. Deny the allegations contained in paragraphs numbered "8," "9," "10," "11," "12," "13," "14," "15," "18," "19," "38," "56," "58," "59," "60," "68" and "77" of the complaint.

7. Deny the allegations contained in the paragraph numbered "16" of the complaint, except admit that "the SCPD has explained that since Dawn had an extended sick leave with1/2 pay back for 2006 for adjustment disorder with mixed anxiety and depressed mood, Dawn could not be compensated, some seven years later, in 2013, for an extended sick leave for 'anxiety and post-traumatic stress syndrome,' as it was, according to an SCPD payroll supervisor, purportedly the same illness that Dawn had in 2006."

8. The allegations contained in paragraphs numbered "17," "65" and "76" characterize the Diagnostic and Statistical Manual of Mental Disorders IV (DSM IV), the answering Defendants make no answer save to respectfully refer the Court to the manual for its content and to deny any conduct giving rise to any cause of action thereunder.

9. The allegations contained in paragraph numbered "20" and "21" of the complaint set forth a request for relief and to the extent that a response is required, those allegations are denied.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "33" of the complaint, except admits that Dawn is a member of the Association of Municipal Employees ("AME").

11. The allegations contained in paragraph numbered "57" characterize an U.S. DOL Wage and Hour Division Opinion Letter, the answering Defendants make no answer save to respectfully refer the Court to the opinion letter for its content and to deny any conduct giving rise to any cause of action thereunder.

12. The allegations contained in paragraph numbered "62" characterize a Federal Regulation, the answering Defendants make no answer save to respectfully refer the Court to the regulation for its content and to deny any conduct giving rise to any cause of action thereunder.

13. The allegations contained in paragraphs numbered "66" and "67" characterize a website, the answering Defendants make no answer save to respectfully refer the Court to the website for its content and to deny any conduct giving rise to any cause of action thereunder.

14. Deny the allegations contained in the paragraph numbered "69" of the complaint except deny knowledge or information sufficient to form a belief as to the allegations that there were no 911 Operators or Public Safety Dispatchers hired by the SCPD in 2012.

15. The allegations contained in paragraph numbered "70" characterize a section of the Collective Bargaining Agreement, the answering defendants make no answer save to respectfully refer the Court to the Agreement for its content and to deny any conduct giving rise to any cause of action thereunder.

## AS AND FOR DEFENDANT'S RESPONSE
## TO THE FIRST CAUSE OF ACTION

16. Answering the paragraph numbered "85" of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

17. Deny the allegations contained in paragraphs numbered "91" of the complaint.

## AS AND FOR DEFENDANT'S RESPONSE
## TO THE SECOND CAUSE OF ACTION

18. Answering the paragraph numbered "93" of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

19. The allegations contained in the paragraphs numbered "94" of the complaint characterize a statute, law, rule, regulation or ordinance and as such the answering defendants are not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and to deny any conduct giving rise to any cause of action hereunder.

20. Deny the allegations contained in paragraphs numbered "97," "98" and "99" of the complaint.

## AS AND FOR DEFENDANT'S RESPONSE
## TO THE THIRD CAUSE OF ACTION

21. Answering the paragraph numbered "100" of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

22. The allegations contained in paragraph numbered "103" of the complaint set forth conclusions of law and to the extent that a response is required, those allegations are denied.

23. Deny the allegations contained in paragraphs numbered "104" and "105" of the complaint.

## AS AND FOR DEFENDANT'S RESPONSE
## TO THE FOURTH CAUSE OF ACTION

24. Answering the paragraph numbered "106" of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

25. The allegations contained in the paragraph numbered "107" of the Complaint characterize a statute, law, rule, regulation or ordinance and as such the answering defendants are not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and to deny any conduct giving rise to any cause of action hereunder.

26. The allegations contained in paragraph numbered "108" and "109" of the complaint set forth conclusions of law and to the extent that a response is required, those allegations are denied.

27. Deny the allegations contained in paragraphs numbered "110," "111," "112," "113," "114" and "115" of the complaint.

## AS AND FOR DEFENDANT'S RESPONSE
## TO THE FIFTH CAUSE OF ACTION

28. The allegations contained in paragraph numbered "116" and "118" of the complaint set forth conclusions of law and to the extent that a response is required, those allegations are denied.

29. The allegations contained in the paragraph numbered "117" of the Complaint characterize a statute, law, rule, regulation or ordinance and as such the answering defendants are not required to make a response except to respectfully refer to the Court to the entire section

referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and to deny any conduct giving rise to any cause of action hereunder.

30. Deny the allegations contained in paragraphs numbered "119," "120," "121" and "122" of the complaint.

## AS AND FOR DEFENDANT'S RESPONSE TO THE WHEREFORE PRAYER FOR RELIEF

31. The allegations contained in "WHEREFORE" clause of the complaint set forth a request for relief and to the extent that a response is required, those allegations are denied.

## AS AND FOR DEFENDANT'S RESPONSE TO THE JURY DEMAND

32. The allegations contained in paragraph listed under the JURY DEMAND of the complaint set forth a request for relief and to the extent that a response is required, those allegations are denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. That the Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

39. That municipal defendants are not liable for punitive damage awards.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

40. That this Court lacks subject matter jurisdiction.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

41. That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

42. That plaintiffs' claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

43. That plaintiff is guilty of laches and are therefore barred from maintaining this action.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

44. That defendants' actions, if any, were justified by the facts and circumstances presented.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

45. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

46. That the plaintiff has received sums of money in settlement of the claims asserted herein, and that by reason thereof the defendants are entitled to the protection, provisions and limitations of Section 15-108 of the General Obligations Law of the State of New York in reducing the claim of the plaintiff against the defendant by the amount stipulated in the Release, the amount of consideration paid for it or the amount of the released defendant's equitable share of the damages, whichever is the greatest.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

47. To the extent that the complaint purports to set forth any supplemental state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

48. That the Suffolk County Police Department is not an entity susceptible to suit.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

49. Defendants had a legitimate business reason for each and every employment decision and action taken.

## AS AND FOR EIGHTEENTH AFFIRMATIVE DEFENSE

50. Absent any improper motive of disability discrimination, defendants would have taken exactly the same actions.

## AS AND FOR NINETEENTH AFFIRMATIVE DEFENSE

51. Defendants did not perceive that plaintiff suffered from a disability.

WHEREFORE, defendants demand judgment against plaintiff dismissing the complaint, together with the costs and disbursements of this action, and for such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
February 25, 2016

Yours, etc.,

DENNIS M. BROWN
Suffolk County Attorney
*Attorney for the County of Suffolk
and Suffolk County Police Department*
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099
(631) 853-6187

BY: *s/Megan O'Donnell*
MEGAN O'DONNELL
Assistant County Attorney