

MOSER LAW FIRM, P.C.

Steven J. Moser, Esq.
Phone 631-759-4054
smoser@moseremploymentlaw.com

October 7, 2020

**VIA ECF**

Hon. Denis R. Hurley, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:     *Ruggiero v. County of Suffolk,* 14-cv-07434 (DRH)(SIL)

Dear Judge Hurley:

I represent the Plaintiff Dawn Ruggiero in the above referenced matter. I also represent all Plaintiffs in the related case of *Pflug v. County of Suffolk,* 20-cv-00018(SJF)(SIL).

By this letter, I request a pre-motion conference as required by 3(A)(ii) of the Court's individual rules regarding an anticipated motion to fully consolidate the *Pflug* matter with the *Ruggiero* matter, which was the first filed case, or in the alternative, that the Court fully consolidate the cases *sua sponte.*

## BACKGROUND

The *Ruggiero* matter was the first in a series of cases brought against Suffolk County on behalf of 9-1-1 Operators and Public Safety Dispatchers alleging violations of the ADA, the disability provisions of the New York State Human Rights Law, and the FMLA.  The second such case filed was *Castaneda v. Suffolk County et al.,* 15-cv-00185 (DRH)(SIL).  On September 22, 2020 at a conference with Magistrate Judge Locke, the administrator of the estate of the deceased plaintiff in the *Castaneda* matter indicated that he will be voluntarily discontinuing that case.  *See* Civil Conference Minute Order dated September 23, 2020 (ECF No. 43).

The third case filed to remedy violations of the ADA and the disability provisions of the New York State Human Rights Law was the case of *Pflug v. County of Suffolk,* 20-cv-00018(SJF)(SIL). EEOC charges were timely filed on behalf of the three Plaintiffs in the *Pflug* case – Kristy Pflug, Joseph Montaldo, and Anne DiIiorio in 2014.  However, there was a significant delay in completing the administrative process.   On February 19, 2016, the EEOC made a probable cause determination and on May 9, 2016, these cases were referred to the U.S. Department of Justice. The Department of Justice issued a notice of right to sue on October 7, 2019.

## CONSOLIDATION IS APPROPRIATE AND WILL RESULT
## IN JUDICIAL ECONOMIES

"If actions before the court involve a common question of law or fact, the court may ...

consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(2); *Ruane v. Cnty. of Suffolk*, 2013 U.S. Dist. LEXIS 20150, *15 (E.D.N.Y. Feb. 14, 2013) (Hurley, J.) (citing Fed. R. Civ. P. 42(a)(2)). The Court may in its discretion consolidate actions under Rule 42(a) *sua sponte*. See *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). Moreover, "the Second Circuit has suggest[ed] that Rule 42(a) 'be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion."' *Delre v. Perry*, 288 F.R.D. 241, 246 (E.D.N.Y. 2012) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)).

The *Ruggiero* and *Pflug* cases share common questions of both law and fact. All plaintiffs in these cases allege violations of the ADA and the disability provisions of the New York State Human Rights Law. All plaintiffs claim that the discriminatory conduct arose out of an alleged uniform policy of refusing to accept requests for accommodations based upon medical conditions.

All of the Plaintiffs in these cases are represented by same counsel – the Moser Law Firm, P.C. and Steven J. Moser, Esq. The County of Suffolk is likewise represented by the same counsel in both cases – The Suffolk County Attorney and Hope Senzer Gabor, Esq.

Both of these cases share the same procedural posture – fact discovery has not yet commenced. Both cases will require overlapping fact discovery. Prosecuting these cases separately will therefore result in needlessly duplicative effort and legal costs on both sides of the aisle.

Full consolidation will also result in judicial economies in both discovery and at trial. A single discovery order can take the place of two, and supervision of discovery will be streamlined. A single trial can also take the place of two trials. We anticipate that the same witnesses and proof would be offered at both trials, resulting in needlessly duplicative testimony. Finally, having two trials involving identical questions of law and fact gives rise to a risk of inconsistent outcomes.

## CONCLUSION

Plaintiffs respectfully request a pre-motion conference regarding the anticipated motion to consolidate *Pflug v. County of Suffolk,* 20-cv-00018(SJF)(SIL) with the case of *Ruggiero v. County of Suffolk,* 14-cv-07434 (DRH)(SIL) - the first filed case. In the alternative, plaintiffs request that the Court consolidate the cases *sua sponte*.

Respectfully submitted,

Steven J. Moser

CC:   Hon. Sandra J. Feuerstein (Via ECF)