

COUNTY OF SUFFOLK

STEVE BELLONE
SUFFOLK COUNTY EXECUTIVE

**DENNIS M. COHEN**  **DEPARTMENT OF LAW**
**COUNTY ATTORNEY**

*Via Electronic Filing*
October 16, 2020

Honorable Denis R. Hurley, U.S.D.J.
United States District Court
Eastern District of New York
Long Island Federal Courthouse
Central Islip, New York 11722

Re:   *Ruggiero v. County of Suffolk, et al.*
        Docket No. 14-cv-07434 (DRH)(SIL)

Dear Judge Hurley:

This office represents the Defendants, County of Suffolk and Suffolk County Police Department, ("the County") in the above-referenced matter.  We write in response to Plaintiff's letter requesting a pre-motion conference which seeks the Court's permission to file a motion to consolidate this matter ("Ruggiero") with a subsequent matter, *Plug, Di Iorio, and Montaldo v. County of Suffolk,* 20-cv-0018 (SJF)(SIL) ("Pflug"), or in the alternative, that the Court, *sua sponte,* fully consolidate the cases.

### Consolidation is Not Appropriate

"A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions, and a district court must examine 'the special underlying facts' with 'close attention' before ordering a consolidation." *In re Repetitive Stress Litigation,* 11 F.3d 368, 373 (2d Cir. 1993) (internal citations omitted), *Mira v. Kingston,* 715 Fed. Appx. 28, 29 (2d Cir. 2011). "'In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy.' However, the Second Circuit has cautioned that 'efficiency cannot be permitted to prevail at the expense of justice,' and therefore, consolidation should be considered only when 'savings of expense and gains of efficiency can be accomplished without sacrifice of justice.'" *Liberty Media Corp. v. Vivendi Universal, S.A.,* 842 F. Supp. 2d 587, 592 (S.D.N.Y. 2012) (internal citations omitted).

In his letter seeking a pre-motion conference, counsel for Plaintiffs in both matters justifies his argument in favor of consolidation stating: "The *Ruggiero* and *Pflug* cases share common questions of both law and fact. All plaintiffs in these cases allege violations of the ADA and the disability provisions of the New York State Human Rights Law.  All plaintiffs claim that the discriminatory conduct arose out of an alleged uniform policy of refusing to accept requests for accommodations based upon medical conditions."  Although each plaintiff shares the common threads of being employed at the Suffolk County Police Department in the 911 call center,

LOCATION                             MAILING ADDRESS
H. LEE DENNISON BLDG.                  P.O. BOX 6100                                              (631) 853-4049
100 VETERANS MEMORIAL HIGHWAY   ♦   HAUPPAUGE,  NY  11788-0099          ♦          TELECOPIER (631) 853-5169

Hon. Denis R. Hurley, U.S.D.J.
October 16, 2020
Page 2

and three of them (Ruggiero, Pflug and Di Iorio) dispute the essential job function of working mandatory overtime hours, that's where the similarity ends. As set forth below, each plaintiff's fact pattern and how it relates to the law is different and therefore, consolidation of the actions is not appropriate.

**Ruggerio-** *Ruggiero v. County of Suffolk, et al.* **14-cv-07434 (DRH)(SIL)**

In her Complaint filed on December 22, 2014 (Dkt. 2), Dawn Ruggiero alleges causes of action under the Family and Medical Leave Act (FMLA), the ADA for failure to accommodate and the New York State Human Rights Law (NYSHRL). The defendants in that action are the County of Suffolk and the Suffolk County Police Department. Ruggiero alleges that: she requested intermittent FMLA leave on May 14, 2013 which she requested due to her son's diagnosis of "generalized anxiety disorder and delayed sleep disorder"; on May 23, 2013, she received a letter denying her FMLA request; on May 28, 2013, she requested a medical leave of absence because she was suffering from anxiety and post-traumatic stress disorder; she was granted a leave of absence from May 28, 2013 to August 11, 2013; from May 28, 2013 to June 6, 2013, she utilized her accrued sick time; and from June 7, 2013 to August 11, 2013, the leave was unpaid, although she alleges she should have been compensated at leave with ½ pay. Ruggiero returned to work on July 13, 2013, prior to the expiration of her leave, and continued to work until, upon information and belief, she resigned after this action was filed.

**Pflug-** *Plug, Di Iorio, and Montaldo v. County of Suffolk,* **20-cv-0018 (SJF)(SIL)**

In her complaint filed on January 2, 2020 (Dkt. 1), Kristy Pflug alleges causes of action under the ADA and the NYSHRL. Although the complaint itself doesn't set forth specific allegations, her EEOC Charge of Discrimination is incorporated therein by reference. In her Charge, Pflug alleges that due to a medical condition, she should have been excluded from working mandatory overtime, and that she submitted medical notes recommending that she not work more than 8 hours a day. Plug further alleges that because she had to work mandated overtime, she resigned from her employment on July 4, 2013 stating: "I can no longer put this job before my health and family."

**Di Iorio-** *Plug, Di Iorio, and Montaldo v. County of Suffolk,* **20-cv-0018 (SJF)(SIL)**

In her complaint filed on January 2, 2020 (Dkt. 1), Anne Di Iorio alleges causes of action under the ADA and the NYSHRL. Although the complaint itself doesn't set forth specific allegations, her EEOC Charge of Discrimination is incorporated therein by reference. In her Charge, Di Iorio alleges that after returning from medical leave due to a cancer diagnosis, she was not accommodated, because, she was mandated to work overtime. Di Iorio resigned from her job on September 17, 2014.

**Montado-** *Plug, Di Iorio, and Montaldo v. County of Suffolk,* **20-cv-0018 (SJF)(SIL)**

In his complaint filed on January 2, 2020 (Dkt. 1), Joseph Montaldo alleges causes of action under the ADA and the NYSHRL. Although the complaint itself doesn't set forth specific allegations, his EEOC Charge of Discrimination is incorporated therein by reference. Montaldo's allegations differ from those of Ruggiero, Pflug and Di Iorio, in that his Charge does not address an issue with mandatory overtime, which was alleged by the other three. Montaldo's allegations concern an accommodation based upon the location of computer screens and his ability to perform his job. Montaldo alleges that as of April 28, 2013, he experienced neck and arm

Hon. Denis R. Hurley, U.S.D.J.
October 16, 2020
Page 3

problems while at work and as a result, he went on leave from April 28, 2013 to January 24, 2014, and for some portion of that time, was granted Workers' Compensation benefits. When he returned to work, as an accommodation, he was permitted to purchase an ergonomic stool, and he continued to work for a period of time until, upon information and belief, he retired on disability.

While all four plaintiffs allege that they worked in the same department and did not receive the accommodation they requested, each individual fact pattern is unique and does not bear any relation to the others. In addition, Ruggiero named as defendants the County of Suffolk and the Suffolk County Police Department, while the other three only named the County of Suffolk as a defendant. Ruggiero's complaint also contains a cause of action under FMLA, while the complaint of the other three does not contain such a cause of action.

Accordingly, based upon the foregoing, it is respectfully requested that this Court deny Plaintiff's request for a pre-motion conference seeking permission to file a motion to consolidate the *Ruggiero* and *Pflug, et al* matters.

Respectfully submitted,

Dennis M. Cohen
Suffolk County Attorney

*Hope Senzer Gabor*

By: Hope Senzer Gabor
    Assistant County Attorney

cc: Steven J. Moser, Esq.  *Attorney for Plaintiff* (via ECF)